WILSON TURNER KOSMO LLP
CAROLINA BRAVO-KARIMI (259409)
AIMEE AXELROD PARKER (255589)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669

E-mail: cbravo-karimi@wilsonturnerkosmo.com
E-mail: aparker@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL S. YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>TARGET CORPORATION AND DOES 1 TO 6,<br><br>  Defendants. | Case No. **'21CV1280 BAS WVG**<br><br>**TARGET CORPORATION'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 (DIVERSITY) AND, ALTERNATIVELY, 28 U.S.C. §§ 1331, 1441(a) (FEDERAL QUESTION)**<br><br>[*Filed Concurrently with Notice of Removal to Superior Court and Adverse Party; Declaration of Aimee Axelrod Parker; Declaration of Adam Klarfeld; Notice of Party with Financial Interest; Corporate Disclosure Statement; and Civil Case Cover Sheet*]<br><br>Complaint Filed: May 6, 2021<br>Removed: July 16, 2021 |

-1-     Case No.

NOTICE OF REMOVAL BY TARGET CORPORATION

**TO THE HONORABLE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF PROCEEDING IN PROPIA PERSONA:**

PLEASE TAKE NOTICE that Defendant Target Corporation ("Defendant" or "Target"), hereby invokes this District Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(a) or, in the alternative, 28 U.S.C. sections 1331 and 1441(a), removing the above-entitled action from the Superior Court in and for the County of San Diego, North County Branch (the "Superior Court") to the United States District Court for the Southern District of California (the "District Court").

The following statement of grounds for removal is submitted pursuant to the provisions of Section 1446.[1]

## I.     STATEMENT OF JURISDICTION

1. The District Court has original jurisdiction under Section 1332(a)(1), and this case may be removed pursuant to Section 1441, because it is a civil action between "citizens of different States" wherein the amount placed in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

2. Alternatively, the District Court has original jurisdiction under Section 1331, and this case may be removed pursuant to Section 1441(a), because the crux of Plaintiff's action arises under federal law. Further, Plaintiff's state-law claims are inextricably intertwined with Plaintiff's federal-law claims, such that the District Court is authorized to exercise, and should exercise, supplemental jurisdiction pursuant to Section 1367.[2]

3. Jurisdiction over the action within the District Court is proper on the grounds herein described, and the action is timely and properly removed upon the

---

[1] All references to "Section" are to sections of Title 28 of the United States Code unless otherwise noted.

[2] By demonstrating the bases for the District Court's jurisdiction, Defendant in no way concedes that Plaintiff's claims are valid or that he is entitled to recover anything from Defendant or at all.

filing of this Notice.

## II. PLEADINGS AND PROCESS

4. On May 6, 2021, Plaintiff Darrell S. Young ("Plaintiff") filed a "Complaint for Unlimited Civil Case" [*sic*] (the "Complaint") in the Superior Court, entitled *Darrell S. Young v. Target Corporation and DOES 1 to 6*, Case Number 37-2021-00020534-CU-OE-NC (the "Action"). The Superior Court scheduled a Case Management Conference for October 8, 2021. True and correct copies of the Summons, Complaint, and Notice of Case Management Conference along with all accompanying documents served by Plaintiff are attached to the Declaration of Aimee Axelrod Parker accompanying this Notice of Removal ("Parker Decl.") as **EXHIBIT A**. (Parker Decl., ¶ 2.) *See also* 28 U.S.C. § 1446(a) (requiring submission of all process, pleadings, and orders served upon a removing defendant).

5. In the Complaint, Plaintiff asserts eight causes of action against Target for alleged: (1) discriminatory failure to hire based on military and veteran status[3]; (2) retaliation; (3) breach of contract; (4) defamation; (5) breach of the implied covenant of good faith and fair dealing; (6) fraud; (7) negligence; and (8) intentional infliction of emotional distress. (*See generally* Parker Decl. EXHIBIT A, at pp. 9-40.)[4] Plaintiff brings his claims pursuant to the Uniformed Services Employment and

---

[3] Plaintiff's Complaint also refers to alleged discrimination based on age, disability, and "whistleblower status." (Parker Decl. EXHIBIT A, at p. 22, ¶ 54; *id.* at p. 18, ¶ 40 (specifying disability related to military service); *id.* at p. 21, ¶ 52 (alleging "retaliation for . . . continued reporting of military discrimination and . . . continued applications for relief through reemployment"). All of Plaintiff's claims center on purported anti-military bias. Target vehemently denies having any such bias.

[4] References to page numbers within exhibits to the Parker Decl. are to exhibit page number labels added by Defendant for purposes of this filing, which appear at the bottom right corner of all pages. For example, the caption for Plaintiff's Complaint is labeled "Ex A – pg 9." Defendant notes for the District Court's ease of reference that Paragraph numbers in Plaintiff's Complaint are not consistently continuous and restart in certain sections. All handwriting on the Complaint appears on the original copies Plaintiff filed and served.

Reemployment Rights Act, 38 U.S.C. §§ 1401, *et seq.* ("USERRA"), California's Fair Employment and Housing Act, Gov't Code §§ 12940, *et seq.* ("FEHA"), and common law. (*See, e.g., id.* at p. 10.)

6. Plaintiff personally served the Summons and Complaint on Defendant's registered agent for service of process in California, CT Corporation System, on June 17, 2021. (Declaration of Adam Klarfeld ("Target Decl."), ¶ 2.) A true and correct copy of the Service of Process Transmittal by CT Corporation, indicating service was effectuated on June 17, 2021, and bearing the same date, is attached to the Parker Decl. as **EXHIBIT B**, at p. 52. (Parker Decl., ¶ 3; *see also* Target Decl., ¶ 2.) Plaintiff filed a Proof of Service of Summons of Plaintiff's Complaint with the Superior Court on or about July 8, 2021, which also indicates that Plaintiff effectuated personal service of his Complaint on CT Corporation on June 17, 2021. (Parker Decl., ¶ 4 & **EXHIBIT C**, at p. 54 (Plaintiff's Proof of Service).)

7. Defendant's understanding is that no other parties have been named or served and no other party has appeared in the Action. (Parker Decl., ¶ 5.) *See also* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in and consent to the removal of the action").

8. On July 14, 2021, Defendant timely filed and served its Answer to the Complaint in the Superior Court, a true and correct copy of which is attached to the Parker Decl. as **EXHIBIT D**, at pp. 58-66. (Parker Decl., ¶ 6.)

9. Exhibits A, C, and D constitute all process and pleadings that have been filed in the Action as of the time of filing this Notice of Removal. (Parker Decl., ¶ 7.)

### III. TIMELINESS OF REMOVAL

10. This Removal is being filed within thirty (30) days after Defendant's registered agent was served with a copy of Plaintiff's Summons and Complaint on June 17, 2021. (*See* Parker Decl., ¶¶ 3 &4, EXHIBITS B & C.) The Removal, therefore, is filed within the time mandated by Section 1446(b)(1) and the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

U.S. 344, 356 (1999) (noting the time for removal is triggered by the actual service of the Complaint, rather than its receipt by other means); Fed. Rules Civ. Proc. 6(a).

## IV. VENUE

11. Venue is proper when an action is removed "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Plaintiff initially filed this action in the Superior Court in San Diego, North County Branch, which sits within the Southern judicial district of California. 28 U.S.C. § 84(d) ("The Southern District comprises the count[y] of . . . San Diego").

12. Venue also is proper in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). In the Complaint, Plaintiff alleges that his "causes of action . . . have arisen in the County of San Diego . . . ." (Parker Decl. EXHIBIT A, at p. 12, ¶ 11.)

13. Accordingly, for purposes of Removal, venue lies properly in this District Court.

## V. THE DISTRICT COURT MAY EXERCISE TRADITIONAL DIVERSITY JURISDICTION PURSUANT TO SECTION 1332(a).

11. This case meets the requirements of Section 1332(a) and may be removed pursuant to Section 1441 because it is a civil action: (1) "between citizens of different States"; (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441.

### A. The Parties Are Citizens of Different States.

12. Under the traditional diversity statute, providing the amount in controversy is established, the District Court "shall have original jurisdiction of all civil actions . . . between . . . Citizens of different States." 28 U.S.C. § 1332(a)(l).

13. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which he is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A plaintiff's place of residency is evidence of

1 | his domicile absent affirmative allegations to the contrary. *District of Columbia v.*
2 | *Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to
3 | be his domicile until facts adduced establish the contrary."); *Barrera v. W. United Ins.*
4 | *Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is
5 | taken to be his domicile until facts adduced establish the contrary."), quoting
6 | *Anderson v. Watt*, 138 U.S. 694, 706 (1891).

7 |       14.    Plaintiff's Complaint affirmatively asserts that Plaintiff "is now, and at
8 | all times mentioned in this complaint was, a resident of San Diego County,
9 | California." (Parker Decl. EXHIBIT A, at p. 10, ¶ 1.)[5] He "has resided in California
10 | for approximately 26 years." (*Id.*, at p. 10, ¶ 2.) <u>Plaintiff thus is presumptively a</u>
11 | <u>citizen of California.</u>

12 |       15.    For purposes of diversity, a corporation is considered a citizen of any
13 | state in which it is incorporated and where it has its principal place of business.
14 | 28 U.S.C. § 1332(c)(l); *see also Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir.
15 | 1994) (noting corporation was a citizen of none other than the state in which its
16 | corporate headquarters was located and where its executive and administrative
17 | functions were performed).

18 |       16.    Plaintiff avers that "Defendant Target Corporation, is now, and at all
19 | times mentioned in this complaint was, a corporation with its principal business
20 | headquarters in Minneapolis, Minnesota . . . ." (Parker Decl. EXHIBIT A, at p. 10,
21 | ¶ 4.) At the time the Action was filed in the Superior Court and through the present,
22 | Target was and remains a corporation duly organized and existing under the laws of
23 | the State of Minnesota with its corporate headquarters in Minneapolis. (Parker Decl.,
24 | ¶ 8 & **EXHIBIT E**, at pp. 70-71 (Secretary of State Statement of Information 2021);
25 | Target Decl., ¶ 4.) Target corporate headquarters is where the majority of its
26 | executive and administrative functions are performed and where the majority of its

---

[5] Plaintiff's allegations regarding his place of residence are consistent with Target's records from Plaintiff's prior employment. (Target Decl., ¶ 3.)

1 corporate officers and executives are located. (Parker Decl. EXHIBIT E; Target
2 Decl., ¶ 5.) Therefore, under the "nerve center" test, Target's principal place of
3 business is in Minnesota. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 93 (2010)
4 (noting the nerve center will "normally be the place where the corporation maintains
5 its headquarters"); *see also Lopez v. Target Corp.*, No. EDCV 11-1282 CAS OPX,
6 2011 WL 4852504, at *2 (C.D. Cal. Oct. 12, 2011) (holding "under *Hertz*, defendant
7 Target's principal place of business is Minnesota," and noting several other courts
8 have reached the same conclusion). Accordingly, <u>Target is not a citizen of California.</u>
9 *See* 28 U.S.C. § 1332(c)(1).

10     17. Plaintiff named DOES 1 through 6 as fictitious defendants in the Action.
11 (Parker Decl. EXHIBIT A, at p. 11, ¶ 6 ("the true identities of defendants DOES 1
12 through 6, inclusive, are not reasonably known to plaintiff at this time").) Pursuant to
13 Section 1441(b)(l), the citizenship of defendants sued under fictitious names must be
14 disregarded for the purpose of determining diversity of citizenship between the parties
15 to an action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998)
16 (holding the "district court was correct in only considering the domicile of the named
17 defendants"); *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1528 (9th Cir. 1989)
18 ("Congress obviously reached the conclusion that doe defendants should not defeat
19 diversity jurisdiction"). Defendant is informed and believes, and on that basis asserts,
20 that no other defendant in this action has been named, properly joined, or served as
21 provided in Section 1441(b)(2). (Parker Decl., ¶ 5.)

22     18. Given that Plaintiff is a citizen of California, Defendant is not a citizen of
23 California, and no other defendant exists for purposes of determining federal
24 jurisdiction in this Action, <u>the citizenship of the Parties is diverse pursuant to Section</u>
25 <u>1332(a)(l)</u>.

26     **B.**     <u>**Plaintiff's Complaint Places More than $75,000 in Controversy.**</u>

27     19. In cases in which the existence of diversity jurisdiction depends on the
28 amount in controversy, "the district court may consider whether it is 'facially

-7-     Case No.
NOTICE OF REMOVAL BY TARGET CORPORATION

apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Where a plaintiff states an amount in controversy in a state court complaint, "'[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court,'" and "'the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal . . . .'" *Albright v. R. J. Reynolds Tobacco Co.*, 531 F.2d 132, 134-35 (3d Cir. 1976), quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290-291 (1938).

20. In the present case, the Complaint plainly states—makes it "facially apparent"—that Plaintiff seeks an award "in the amount of $500,000, which constitutes approximate lost wages during the period immediately following his [alleged] wrongful termination until his full time reemployment . . . ," among other forms of relief. (Parker Decl. EXHIBIT A, at p. 39, ¶ 7.) Plaintiff "also request[s] that the court consider ***doubling*** the lost wage award due to the intentionally extreme and outrageous nature of the violations [allegedly] proven herein." (*Id.*, emphasis added.) Deference is owed to the amount Plaintiff states in the Complaint is in controversy for purposes of removal, *Albright, supra*, 531 F.2d at 135, and Plaintiff here places far more than the District Court's jurisdictional minimum in controversy.

21. Just as a plaintiff's amount in controversy allegations are "accepted if made in good faith" when plaintiffs invoke federal jurisdiction, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Even if the District Court does not accept as true for purposes of determining traditional diversity jurisdiction Plaintiff's statement that over $500,000 is in controversy, the substance of Plaintiff's claims otherwise demonstrate that it is "more likely than not" that the amount in controversy exceeds $75,000. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Garcia v. Roadlink USA Pac., LLC*, No. SACV 11-

0445 DOC, 2011 WL 2261273, at *2 (C.D. Cal. June 7, 2011).  District Courts must presume plaintiffs will prevail on each and every one of their claims for relief. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (noting the amount in controversy analysis presumes that "plaintiff prevails on liability").

22.   "[C]alculation of the amount in controversy takes into account claims for 'general' damages, 'special' damages, punitive damages if recoverable as a matter of law, and attorneys' fees recoverable by statute or contract." *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 984, 986 (S.D. Cal. 2005) ("It's not a question of what you would owe.  It's a question as to what is in controversy."); *see also Galt* G/S *v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).  The court may rely on "summary judgment type evidence" when making these calculations.  *Singer*, *supra*, 116 F.3d at 375.  Plaintiff's causes of action, prayers for relief, and findings in other cases making similar demands illustrate the reasonableness of Defendant's good faith belief and calculation that the amount in controversy in this Action more likely than not exceeds $75,000.

23.   By way of eight causes of action under federal, state, and common law, Plaintiff essentially alleges that Defendant "used prohibited tactics and discriminatory motives to deny fair and equitable employment to the Plaintiff," and "used the same to fraudulently deny Plaintiff the basic benefits [during] a previous period of employment." (Parker Decl. EXHIBIT A, at p. 22, ¶ 54.)[6]  According to Plaintiff, "[t]hese [alleged] discriminatory motives include discrimination based on age, disability, past or present military service, and whistleblower status." (*Id.*)  By not

---

[6] Although it is not clear to Defendant that he seeks redress for it in this case, Plaintiff claims his "previous period of employment" by Defendant ended "when he was unlawfully terminated for reporting a long string of extreme and outrageous anti-military actions." (Parker Decl. EXHIBIT A, at p. 24, ¶ 61.)

rehiring him, among other things, Plaintiff asserts that Defendant "engaged in retaliation by taking adverse employment action against him and treating him in a discriminatory manner because he engaged in protected activities, namely the reporting of extreme and outrageous anti-military discrimination and harassment" to the Department of Labor. (*Id.*, at pp. 23-24, ¶¶ 59-61.) Plaintiff further claims Defendant "took the extraordinary step of inserting derogatory material into Plaintiff's personnel record, including a 'Do Not Rehire' (DNR) flag where none had existed before." (*Id.*, at p. 24, ¶ 61.) Defendant allegedly "made false and disparaging remarks" about Plaintiff "in direct violation of their own written and verbal promises" not to do so, which "had a prejudicial effect on [Plaintiff's] ability to exercise his rights under USERRA and to gain reliable character references for civilian employment and military security clearances." (*Id.*, at p. 27, ¶ 2.) Plaintiff claims Defendant made defamatory, "disparaging remarks . . . in order to humiliate and intimidate" him "for the express purpose of depriving him of the ability to continue reporting ongoing discrimination." (*Id.*, at p. 30, ¶ 14.)

24. In addition to seeking $500,000 in lost wages and employment benefits (doubled as punitive damages), Plaintiff asserts Defendant proximately "caused damages that Plaintiff has suffered, including physical injuries, humiliation, loss of employment, and loss of reliable character references for military security clearance investigations." (Parker Decl. EXHIBIT A, at p. 35, ¶ 29.) Plaintiff seeks "remedies including reemployment and financial restitution that can be calculated based on actual losses and the documented pain and suffering of the Plaintiff." (*Id.* at p. 36, ¶ 33.) He seeks several forms of declaratory judgment and damages for "severe psychological and emotional distress, chronic physical injury, pain and suffering," as well as attorney fees. (*Id.*, at pp. 38-40 (Prayer for Relief).)

25. In light of "litigation realities," courts routinely find employment cases alleging discrimination and retaliation and seeking similar damages satisfy the amount in controversy requirement without any further showing by the defendant. *See, e.g.*,

*Jones v. CLP Res., Inc.*, No. CV 16-2133-GW(PLAX), 2016 WL 8950063, at *5 (C.D. Cal. May 23, 2016); *Carter v. Fannie Mae*, No. SACV 14-01754-CJC, 2014 WL 7339208, at *2 (C.D. Cal. Dec. 23, 2014); *Rodriguez v. Boeing Co.*, No. CV 14-04265-RSWL, 2014 WL 3818108, at *4 (C.D. Cal. Aug. 1, 2014); *Mendoza v. Am. Airlines, Inc.*, No. CV 10-7617 RSWL, 2010 WL 5376375, at *3 (C.D. Cal. Dec. 22, 2010).

26. With regard to the "pain and suffering" that Plaintiff claims he has experienced, "emotional distress damages . . . are potentially substantial" and notable for purposes of calculating the amount in controversy upon removal, irrespective of any vagueness in their pleading. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995).

27. Plaintiff's punitive damages claims, which he seeks pursuant to (at least) the USERRA and FEHA, add significant value to the potential amount in controversy. "In California, the wealth of the defendant is an important factor in determining the award of punitive damages." *Id.* at 451. Target has significant resources making it "likely that any award of punitive damages will be a substantial figure." *Ibid.*; *see e.g., King v. U.S. Bank Nat'l Ass'n,* 52 Cal.App.5th 728 (2020) (awarding over $2 million in punitive damages in wrongful termination case against large bank).

28. Finally, Plaintiff seeks attorney fees, which are also recoverable by a prevailing plaintiff under the USERRA and FEHA. *See, e.g.* 20 CFR § 1002.310 ("If the individual obtains private counsel for any action or proceeding to enforce a provision of (USERRA), and prevails, the court may award reasonable attorney fees, expert witness fees, and other litigation expenses.") "[A]ttorneys' fees in individual discrimination cases often exceed the damages." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). A mere 300 hours of attorney time through trial at a modest rate of $250 per hour alone would cause Target to incur enough attorney fees to hit the amount in controversy requirement.

29.   Taking Plaintiff's prayers for relief together, the amount in controversy very likely exceeds $75,000, and Defendant need only demonstrate that it "more likely than not" exceeds it.  See *Guglielmino*, *supra*, 506 F.3d at 699.  Accordingly, Plaintiff's Complaint places an <u>amount in controversy exceeding the amount required for the District Court to exercise traditional diversity jurisdiction</u> over the Action.

30.   Irrespective of Defendant's position that no liability exists in this case, it cannot be said to a legal certainty that Plaintiff would not be entitled to recover the District Court's jurisdictional amount if Plaintiff prevails at trial.   See *St. Paul Mercury*, *supra*, 303 U.S. at 293-294.  Accordingly, Defendant submits that its good faith, plain reading of Plaintiffs allegations demonstrates that the District Court has original jurisdiction pursuant to Section 1332(a), and this Action may be removed pursuant to Section 1441, based on traditional diversity jurisdiction.

31.   Should the propriety of removal be questioned, Target requests leave to conduct jurisdictional discovery and provide further evidence and argument in support of removal.  See *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977).

## VI.   <u>THE DISTRICT COURT MAY EXERCISE ORIGINAL JURISDICTION OVER THE ACTION PURSUANT TO SECTION 1331.</u>

31.   This case meets the requirements of Section 1331 and may be removed to federal court pursuant to Sections 1441 and 1446 because it is a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441.

32.   Plaintiff's Complaint includes a cause of action asserted under USERRA and a multitude of references to USERRA protections and alleged violations by Defendant. (*E.g.*, Parker Decl. EXHIBIT A, at pp. 15, 17, 19, 22-26.)  As earlier noted, the crux of Plaintiff's Complaint is that he is a current or former military

1 service member who was discriminated and retaliated against based on his protected classification and activity.

33. Because the claims Plaintiff brought in state court "arise under" federal law, those claims are properly removable under the terms of Sections 1441(a)-(b).

## VII. THE DISTRICT COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS PURSUANT TO SECTION 1367.

34. Where the District Court enjoys original jurisdiction over claims in an action, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1376. When such claims are "joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . . ." 28 U.S.C. § 1441(c).

35. Here, all of Plaintiff's claims, including each of his eight causes of action, arise from the same nucleus of alleged facts involving his former employment by Target, efforts to gain reemployment with Target, inability to obtain other employment or clearances because of purported statements by Target about Plaintiff's former employment, all centered on Target's alleged anti-military discriminatory animus. All of Plaintiff's legal and factual assertions are intertwined within the same controversy. Accordingly, the District Court's exercise of original and supplemental jurisdiction over the entirety of the Action would be proper and equitable.

## VIII. ALL REQUIREMENTS FOR REMOVAL ARE MET

36. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based, and within one (1) year of the commencement of the Action. 28 U.S.C. §§ 1446(b)-(c). The Removal therefore is timely filed.

/ / /

37. Counsel for Target certifies that it will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of San Diego, and give notice of the same to Plaintiff, within twenty-four (24) hours of the removal. (Parker Decl., ¶ 9.)

## IX. CONCLUSION

38. For the reasons set forth above, this Court has original jurisdiction over this action under 28 U.S.C. section 1332 or, in the alternative, 28 U.S.C. section 1331, and removal of this action is proper under 28 U.S.C. sections 1441 and 1446.

Dated:   July 16, 2021        **WILSON TURNER KOSMO LLP**

                              By:   */s/ Aimee Axelrod Parker*
                                    CAROLINA BRAVO-KARIMI
                                    AIMEE AXELROD PARKER

                                    Attorneys for Defendant
                                    TARGET CORPORATION